UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| | : | |
| Omni Health Services, Inc. | : | |
| | : | Case No.  25-14727 (AMC) |
| | : | |
| Debtor. | : | |
| | : | |

**DEBTOR'S MOTION PURSUANT TO BANKRUPTCY CODE SECTION 365(a)
FOR ENTRY OF AN ORDER AUTHORIZING THE
REJECTION OF NON-RESIDENTIAL REAL PROPERTY LEASES**

Omni Health Services, Inc. (the "Debtor"), by and through its proposed counsel, Smith Kane Holman, LLC, hereby moves the Court for the entry an order under Section 365(a) of the United States Bankruptcy Code for the entry of an Order authorizing the Debtor to reject certain of its non-residential real property leases effective as of the filing of its bankruptcy petition, and in support thereof, avers as follows:

**Jurisdiction & Venue**

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) & (M).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The basis for the relief requested herein are section 365 of title 11 of the United States Code (the "Bankruptcy Code").

**Background**

4. The Debtor filed a voluntary petition for relief under chapter 11 of Bankruptcy Code on November 20, 2025 (the "Petition Date") and has continued in possession of its property and

operating its business as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

5. No request for the appointment of a trustee or examiner has been made in this chapter 11 case and, as of the date of the filing of this Motion, no official committees have been appointed or designated.

6. The Debtor is a community-based mental health services provider, which operated out of eighteen separate locations, although the Debtor currently operates at twelve locations, ten of which are in Pennsylvania and two of which are in New Jersey.

7. Generally, the Debtor provides outpatient mental health services for children and adults in clinic-based settings, as well as mental health services for children in homes and schools (known as Integrated Behavioral Health Services) and finally peer support services, which involve mental health clients who are in stable treatment for many years and who help other members.

8. In an effort to reorganize its affairs, among other things, the Debtor closed and vacated six of its operating locations prior to the Petition Date at the following leased locations (collectively, the "Rejected Leases"):

   (i) 1337 N. Main Avenue, Scranton, PA - Commercial Lease Agreement dated November 1, 2024 with Brian and Erin McCarthy as lessors.

   (ii) 4379 William Easton Avenue, Suite 101, Bethlehem, PA – Lease dated May 31, 2021, as extended, with Willow Park Partners, LP as the original lessor and then Eddie Shetayh as the subsequent lessor (the "Bethlehem Lease").

   (iii) 2240 Highway 33, Neptune, NJ – Lease Agreement dated April 27, 2021, as amended, with John D. Pittenger Builder, Inc., as lessor.

   (iv) 2512 Atlantic Avenue, Atlantic City, NJ – Commercial Lease dated April 1, 2021 with Jai Bhim Realty, LLC, as original lessor, and now Atlantic Mobile, LLC, as current owner.

    (v)    427 Market Street, Camden, NJ – Commercial Lease Agreement dated January 1, 2018, as amended, with Panagiotis Patouhas, as lessor.

    (vi)    1001 Raritan Avenue, Highland Park, NJ – Lease Agreement dated April 21, 2017, as amended, with Dr. Bruce Grossman, as lessor.

## **Relief Sought**

9. The Debtor no longer derives any benefit from the Rejected Leases insofar as it no longer operates at any of the affected leased premises and has vacated same.

10. Accordingly, to avoid the accrual of administrative expenses for the Rejected Leases, the Debtor hereby requests authorization to reject the Rejected Leases pursuant to Section 365(a) of the Bankruptcy Code, effective as of the Petition Date. Of note, the Bethlehem Lease expired as of May 31, 2025, which was prior to the Petition Date. Nevertheless, in an abundance of caution, the Debtor similarly seeks rejection of the Bethlehem Lease if and to the extent necessary.

### ***The Debtor Should Be Authorized to Reject the Rejected Leases***

11. "The Policy behind Chapter 11 of the Bankruptcy Code is the ultimate rehabilitation of the debtor." *In re Exide Technologies*, 607 F.3d 957, 962 (3d Cir. 2010). In furtherance of this goal, Section 365 of the Bankruptcy Code permits a trustee to assume or reject any unexpired lease or executory contract, subject to court approval. *See* 11 U.S.C. § 365(a).

12. The ability to accept or reject any unexpired lease or executory contract under Section 365 is extended to a Chapter 11 debtor-in-possession. *See* 11 U.S.C. § 1107(a).

13. Although the Bankruptcy Code does not specify the standard to be applied in assessing the decision of a trustee or debtor in possession to assume or reject a contract, the Third Circuit has adopted the business judgment standard. *See Sharon Steel Corp. v. National Fuel Gas Dist. Corp.*, 872 F.2d 36, 39 (3d Cir. 1989).

14. To satisfy the business judgment test, a debtor-in-possession need only demonstrate that rejection will benefit the estate. *See id*. at 39-40 (citing *In re Wheeling-Pittsburgh Steel Corp*., 72 Bankr. 845, 846 (Bankr. W.D. Pa. 1987) (quoting *In re Stable Mews Assoc., Inc*., 41 Bankr. 594, 596 (Bankr. S.D.N.Y. 1984)) (propriety of trustee's decision to reject contract measured under traditional "business judgment test," requiring only that trustee demonstrate that rejection will benefit estate)).

15. In this instance, the Debtor's decision to reject the Rejected Leases constitutes a sound exercise of its business judgment insofar as the Debtor does not operate from any of the applicable locations and has vacated each such location.

16. Maintaining the Rejected Leases would impose significant administrative expense on the estate with no offsetting benefit or revenue stream. Thus, rejection of the Rejected Leases is justified and will benefit the estate by eliminating expenses that would otherwise be burdensome.

***Rejection of the Rejected Leases Should Be Effective as of the Petition Date***

17. "The decision to grant retroactive rejection of a lease or contract is dictated by equitable considerations." *See In re Philadelphia Newspapers, LLC*, 424 B.R. 178, 184 (Bankr. E.D. Pa. 2010); see *also Hertz Gateway Ctr., LP v. KDA Grp. Inc. (In re KDA Group, Inc.)*, 574 B.R. 556, 560-61 (Bankr. W.D. Pa. 2017) (court's ability to provide retroactive relief derives from its use of equitable powers to further purposes of § 365); *In re Chi—Chi's, Inc*., 305 B.R. 396, 399 (Bankr. D. Del. 2004) ("Moreover, the court's power to grant retroactive relief is derived from the bankruptcy court's equitable powers so long as it promotes the purposes of 11 U.S.C. § 365(a)").

18. This Motion is being filed on the Petition Date. As detailed above, the Debtor ceased using the Rejected Leases locations prior to its chapter 11 filing. As the Debtor no longer has a

use for the Rejected Leases, delaying the formal rejection of the lease agreements (and perhaps requiring the Debtor to pay any more charges under the leases) would be inequitable, and would provide no benefit to the Debtor's bankruptcy estate.

19.     Accordingly, it is appropriate and just in these circumstances to authorize rejection of the Rejected Leases as of the Petition Date.

WHEREFORE, the Debtor respectfully requests that this Court enter an order authorizing the Debtor to reject the Rejected Leases, effective as of the Petition Date, and granting such other and further relief as is just and proper.

Dated:  November 20, 2025                         SMITH KANE HOLMAN, LLC

By:  _/s/ David B. Smith_
David B. Smith, Esquire
112 Moores Road
Suite 300
Malvern, PA 19355
(610) 407-7216 Phone
(610) 407-7218 Fax
Proposed Attorneys for Debtor