## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| Omni Health Services, Inc. | : | Case No. 25-14727 (AMC) |
| Debtor | : | |

### DEBTOR'S MOTION FOR AUTHORITY TO PAY PRE-PETITION WAGES, SALARIES, COMPENSATION, EMPLOYMENT BENEFITS, AND OTHER RELATED OBLIGATIONS

Omni Health Services, Inc. (the "Debtor"), by and through its proposed counsel, Smith Kane Holman, LLC, hereby moves for an Order authorizing the Debtor to pay its pre-petition wages, salaries, compensation, and other related obligations, and in support hereof, states as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

2. Venue is proper in this district pursuant to 28 U.S.C. §§1408 and 1409.

3. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105, 363, 507(a)(4), and 507(a)(5) and Rules 4001 and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### Background

4. The Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") on November 20, 2025 (the "Petition Date").

5. The Debtor is a community-based mental health services provider, which

currently operates from twelve locations, ten of which are located in Pennsylvania and two of which are located in New Jersey.

6. Currently, the Debtor employs approximately 150 employees and has service contracts with approximately 50 individuals. The employees/contractors range from administrative staff to professionals licensed to practice in the mental health industry.

### Payment of Pre-Petition Wages, Salaries, Compensation, Employment Benefits and Other Related Obligations

7. The Debtor's normal payroll period covers one week (i.e., Monday through Sunday) and is (a) funded and run for W-2 employees each Wednesday following the end of the applicable work week, (b) funded and run for 1099 independent contractors each Thursday following the end of the applicable work week and (c) paid to the ultimate recipients no later than Friday following the end of the applicable work week.

8. The pay period from November 17, 2025 through November 19, 2025 (the "Prepetition Pay Period") consists of earned, but not yet paid, wages, salaries, compensation and other related obligations for a period that precedes the Petition Date.

9. A copy of the Debtor's Prepetition Pay Period (which does not include the Debtor's sole insider, Michael Thevar) reflecting the proposed gross compensation to employees and independent contractors (with names redacted) will be attached supplementally, once generated, as Exhibit A.

10. The Debtor seeks authorization to pay wages, salaries, compensation, employment benefits, and other related obligations owed to its employees and 1099 contractors for services performed during the Prepetition Pay Period, together with accrued taxes thereon and benefits relating thereto, in the aggregate amount reflected on Exhibit A, as well as the

prepetition (believed to be less than $1,000) and post-petition charges for the 401(k) account management.

11. Any further delay in approving payment of this compensation could severely disrupt the Debtor's relationship with its employees and independent contractors and irreparably impair their morale at a time when their dedication, confidence, and cooperation is most critical.

12. It is in the best interests of the Debtor and all the creditors of the bankruptcy estate that the employees and contractors be paid. The amount to be paid to any one of the employees/contractors will not exceed the amount entitled to priority under § 507(a)(4) of the Code: $17,150. See Exhibit A.

13. As previously noted, the Debtor's sole shareholder/officer/director, Michael Thever, is **not** included in the Debtor's instant request for payment on account of the Prepetition Pay Period. Mr. Thevar's compensation will be reflected in a notice of officer compensation to be filed separately as required under the Local Bankruptcy Rules.

## Satisfaction of Bankruptcy Rule 6003

14. Pursuant to Bankruptcy Rule 6003, the Court may grant a request of a debtor to pay all or a part of a pre-petition claim in the first 21 days of a case only if that relief is necessary to avoid immediate and irreparable injury. For the reasons set forth herein, the Debtor submits that it has satisfied the requirements of Rule 6003 with respect to the relief requested in this Motion.

WHEREFORE, the Debtor respectfully requests that this Court enter an order granting the relief sought in the within motion by authorizing the Debtor to pay its pre-petition wages, salaries, compensation, employment benefits, and other related obligations, and to grant such other and further relief as is just and proper.

SMITH KANE HOLMAN, LLC

Date:  November 20, 2025

By: */s/ David B . Smith*
David B. Smith, Esquire
112 Moores Road, Suite 300
Malvern, PA 19355
(610) 407-7215 Phone
(610) 407-7218 Fax
*Proposed Counsel to the Debtor*