**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| | : | |
| Omni Health Services, Inc. | : | Case No. 25-14727 (AMC) |
| | : | |
| Debtor | : | |

**ORDER AUTHORIZING DEBTOR TO**
**USE PRE-PETITION BANK ACCOUNT**

AND NOW, this ____ day of November, 2025, upon consideration of the Debtor's Motion for Authority to Use Pre-Petition Bank Account (the "Motion") (capitalized terms not defined herein shall have the meaning ascribed to such terms in the Motion) and any response thereto, and it appearing that the Motion is in the best interests of the Debtor, its estate, and its creditors; and adequate notice of the Motion having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause therefore, it is hereby ORDERED AND DECREED as follows:

1. The Motion is GRANTED to the extent provided herein.

2. Pursuant to 11 U.S.C. § 345, the Debtor is authorized to continue to use its Prepetition Operating Account on an interim basis for a period of thirty (30) days following the entry of this Order as follows:

    (a) the Debtor shall diligently contact all affected payors within five business days to transition their payment processes to the DIP Operating Account;

    (b) within five business days, the Debtor shall transfer estate funds, wherever held, into the DIP Operating Account such that all receipts can be accurately tracked;

    (c) any post-petition receipts in the Prepetition Operating Account shall

1

transferred into the DIP Operating Account;

  (d) all post-petition remittances will occur only from the DIP Operating Account—i.e., no post-petition payments will be made from the Prepetition Operating Account; and

  (e) the Debtor shall provide proof of closure and transfer of funds into the DIP Operating Account to the U.S. Trustee within five business days of closing each Prepetition Account.

 3. The Debtor shall immediately (a) contact Truist Bank, (b) provide Truist Bank with the Debtor's employer identification number, and (c) instruct Truist Bank to rename the Prepetition Operating Account as a "Debtor in Possession" account with the Petition Date and the lead case number included on the account title.

 4. The Debtor shall maintain accurate and detailed records of all transfers, so that all transactions may be readily ascertained, traced, recorded properly, and distinguished between prepetition and post-petition transactions.

 5. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

 6. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

 7. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

 8. Truist Bank and any other bank holding estate funds are hereby prohibited from offsetting, freezing, or otherwise impeding the use, transfer of, or access to any funds of the Debtor, contained or deposited in the Prepetition Accounts, on or subsequent to the

commencement of this chapter 11 case, on account or by reason of any Claim (as defined in Bankruptcy Code section 101(5)), at which the Debtor maintains accounts that arose before the commencement of this chapter 11 case.

9. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

BY THE COURT:

_____
Honorable Ashely M. Chan
Chief United States Bankruptcy Judge