UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>Omni Health Services, Inc.<br><br>　　　　　　　　Debtor. | CHAPTER 11<br><br>Case No. 25-14727 (AMC) |

### ORDER

AND NOW, this ____ day of January 2025, upon consideration of the Debtor's Second Motion Pursuant to Bankruptcy Code Section 365(a) for Entry of an Order Authorizing the Rejection of Non-Residential Real Estate Leases (the "Second Rejection Motion"), and the Court being satisfied that cause exists to grant the Motion and that the relief sought in the Motion is in best interests of the Debtor, its bankruptcy estate and creditors and other parties in interest, and that sufficient cause appearing therefore, it is hereby ORDERED as follows:

1.　　The Second Rejection Motion is GRANTED on the terms set forth herein.

2.　　The Debtor is authorized to reject the following non-residential real property leases effective as of January 1, 2026 (collectively, the "Second Rejected Leases"):

　　(i) 595 Bethlehem Pike, Colmar, PA – Lease Agreement dated May 1, 2017, with DS COLMAR, LLC, as lessor.

　　(ii) 430 Memorial Parkway, Phillipsburg, New Jersey – Lease Agreement dated May 1, 2025, with George and Kathryn Nassoor, as lessors.

　　(iii) 220 Pierce Street, Kinston, Pennsylvania – Office Lease dated February 4, 2019, as extended, with Ettore J. Lippi and/or Gary E. Lippi, as lessors.

　　(iv) 1730 E. Broad Street, Hazleton, Pennsylvania – Commercial Lease Agreement dated October 1, 2024, with Sacco Rentals LLC, as lessor.

      (v) 300 Community Drive, Suite D, Tobyhanna, Pennsylvania – Commercial Lease dated May 17, 2021, as amended, with Spread Eagle Development Corp., as lessor.

3.      The rejection of the Second Rejected Leases is without prejudice to the Debtor's rights and defenses regarding the Debtor's liability under the Second Rejected Leases and any claims against the Debtor's estate relating thereto, including claims for rejection of such Second Rejected Leases.

BY THE COURT:

Date: _____

The Honorable Ashely M. Chan
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>Omni Health Services, Inc.<br><br>Debtor. | CHAPTER 11<br><br>Case No. 25-14727 (AMC) |

### DEBTOR'S SECOND MOTION PURSUANT TO BANKRUPTCY CODE SECTION 365(a) FOR ENTRY OF AN ORDER AUTHORIZING THE REJECTION OF NON-RESIDENTIAL REAL PROPERTY LEASES

Omni Health Services, Inc. (the "Debtor"), by and through its counsel, Smith Kane Holman, LLC, hereby moves the Court under Section 365(a) of the United States Bankruptcy Code for the entry of a second Order authorizing the Debtor to reject certain of its non-residential real property leases effective as of January 1, 2026, and in support thereof, avers as follows:

### Jurisdiction & Venue

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) & (M).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The basis for the relief requested herein is section 365 of title 11 of the United States Code (the "Bankruptcy Code").

### Background

4. The Debtor filed a voluntary petition for relief under chapter 11 of Bankruptcy Code on November 20, 2025 (the "Petition Date") and has continued in possession of its property and operating its business as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the

Bankruptcy Code.

5. No request for the appointment of a trustee or examiner has been made in this chapter 11 case and, as of the date of the filing of this Motion, no official committees have been appointed or designated.

6. The Debtor is a community-based mental health services provider, which operated out of eighteen separate locations. The Debtor currently operates at twelve locations, ten of which are in Pennsylvania and two of which are in New Jersey.

7. Generally, the Debtor provides outpatient mental health services for children and adults in clinic-based settings, as well as mental health services for children in homes and schools (known as Integrated Behavioral Health Services) and finally peer support services, which involve mental health clients who are in stable treatment for many years and who help other members.

8. In an effort to reorganize its affairs, among other things, the Debtor closed and vacated six of its operating locations prior to the Petition Date at the following leased locations (collectively, the "First Rejected Leases"):

(i) 1337 N. Main Avenue, Scranton, PA - Commercial Lease Agreement dated November 1, 2024 with Brian and Erin McCarthy as lessors.

(ii) 4379 William Easton Avenue, Suite 101, Bethlehem, PA – Lease dated May 31, 2021, as extended, with Willow Park Partners, LP as the original lessor and then Eddie Shetayh as the subsequent lessor (the "Bethlehem Lease").

(iii) 2240 Highway 33, Neptune, NJ – Lease Agreement dated April 27, 2021, as amended, with John D. Pittenger Builder, Inc., as lessor.

(iv) 2512 Atlantic Avenue, Atlantic City, NJ – Commercial Lease dated April 1, 2021 with Jai Bhim Realty, LLC, as original lessor, and now Atlantic Mobile, LLC, as current owner.

(v) 427 Market Street, Camden, NJ – Commercial Lease Agreement dated January 1, 2018, as amended, with Panagiotis Patouhas, as lessor.

2

    (vi)    1001 Raritan Avenue, Highland Park, NJ – Lease Agreement dated April 21, 2017, as amended, with Dr. Bruce Grossman, as lessor.

9. The First Rejected Leases are the subject of a pending motion to reject (the "First Rejection Motion"), which is scheduled for continued hearing on December 17, 2025 at 11:00 a.m.

10. In continuation of its restructuring efforts, the Debtor is in the process of closing and vacating five additional operating locations at the following addresses (collectively, the "Second Rejected Leases"):

    (i)    595 Bethlehem Pike, Colmar, PA – Lease Agreement dated May 1, 2017, with DS COLMAR, LLC, as lessor.

    (ii)    430 Memorial Parkway, Phillipsburg, New Jersey – Lease Agreement dated May 1, 2025, with George and Kathryn Nassoor, as lessors.

    (iii)    220 Pierce Street, Kinston, Pennsylvania – Office Lease dated February 4, 2019, as extended, with Ettore J. Lippi and/or Gary E. Lippi, as lessors.

    (iv)    1730 E. Broad Street, Hazleton, Pennsylvania – Commercial Lease Agreement dated October 1, 2024, with Sacco Rentals LLC, as lessor.

    (v)    300 Community Drive, Suite D, Tobyhanna, Pennsylvania – Commercial Lease dated May 17, 2021, as amended, with Spread Eagle Development Corp., as lessor.

11. The Debtor will have ceased operations and vacated each of the above locations at least by January 1, 2026.

12. Accordingly, and for the reasons set forth more fully below, by this motion the Debtor seeks additional court authority to reject the Second Rejected Leases.

**Relief Sought**

13. The Debtor will no longer derive any benefit from the Second Rejected Leases insofar as it will no longer operate at any of the affected leased premises and will have vacated same by January 1, 2026.

14. Accordingly, to avoid the accrual of administrative expenses for the Second Rejected Leases, the Debtor hereby requests authorization to reject the Second Rejected Leases pursuant to Section 365(a) of the Bankruptcy Code, effective as of January 1, 2026.

### *The Debtor Should Be Authorized to Reject the Second Rejected Leases*

15. "The Policy behind Chapter 11 of the Bankruptcy Code is the ultimate rehabilitation of the debtor." *In re Exide Technologies*, 607 F.3d 957, 962 (3d Cir. 2010). In furtherance of this goal, Section 365 of the Bankruptcy Code permits a trustee to assume or reject any unexpired lease or executory contract, subject to court approval. *See* 11 U.S.C. § 365(a).

16. The ability to accept or reject any unexpired lease or executory contract under Section 365 is extended to a Chapter 11 debtor-in-possession. *See* 11 U.S.C. § 1107(a).

17. Although the Bankruptcy Code does not specify the standard to be applied in assessing the decision of a trustee or debtor in possession to assume or reject a contract, the Third Circuit has adopted the business judgment standard. *See Sharon Steel Corp. v. National Fuel Gas Dist. Corp.*, 872 F.2d 36, 39 (3d Cir. 1989).

18. To satisfy the business judgment test, a debtor-in-possession need only demonstrate that rejection will benefit the estate. *See id.* at 39-40 (citing *In re Wheeling-Pittsburgh Steel Corp.*, 72 Bankr. 845, 846 (Bankr. W.D. Pa. 1987) (quoting *In re Stable Mews Assoc., Inc.*, 41 Bankr. 594, 596 (Bankr. S.D.N.Y. 1984)).

19. In this instance, the Debtor's decision to reject the Second Rejected Leases constitutes a sound exercise of its business judgment insofar as the Debtor is in the process of closing and vacating these operating locations and will not operate from any of the applicable locations as of January 1, 2026.

4

20. Maintaining the Second Rejected Leases would impose significant administrative expense on the estate with no offsetting benefit or revenue stream. Thus, rejection of the Second Rejected Leases is justified and will benefit the estate by eliminating expenses that would otherwise be burdensome.

### *Rejection of the Second Rejected Leases Should Be Effective as of January 1, 2026*

21. "The decision to grant retroactive rejection of a lease or contract is dictated by equitable considerations." *See In re Philadelphia Newspapers, LLC*, 424 B.R. 178, 184 (Bankr. E.D. Pa. 2010); *see also In re KDA Group, Inc.*, 574 B.R. 556, 560-61 (Bankr. W.D. Pa. 2017) (court's ability to provide retroactive relief derives from its use of equitable powers to further purposes of § 365); *In re Chi—Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) ("Moreover, the court's power to grant retroactive relief is derived from the bankruptcy court's equitable powers so long as it promotes the purposes of 11 U.S.C. § 365(a)").

22. This Motion is being filed prior to the requested date of rejection, and a hearing will be held on January 7, 2026. As detailed above, the Debtor will have ceased using the Second Rejected Leases locations prior to the proposed date of rejection of January 1, 2026. As the Debtor will no longer benefit from the Second Rejected Leases on or after January 1, 2026, delaying the formal rejection of the lease agreements until the entry of an order approving the rejection (and perhaps requiring the Debtor to pay additional rents/charges under the leases) would be inequitable, and would harm the Debtor's bankruptcy estate.

23. Accordingly, it is appropriate and just in these circumstances to authorize rejection of the Second Rejected Leases as of January 1, 2026.

WHEREFORE, the Debtor respectfully requests that this Court enter an order authorizing

the Debtor to reject the Second Rejected Leases, effective as of January 1, 2026, and granting such other and further relief as is just and proper.

                                         SMITH KANE HOLMAN, LLC

Date: December 12, 2025          By: */s/ David B. Smith*
                                           David B. Smith, Esquire
                                           112 Moores Road
                                           Suite 300
                                           Malvern, PA 19355
                                           (610) 407-7215 Phone
                                           (610) 407-7218 Fax
                                           Counsel for the Debtor

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | CHAPTER 11 |
| Omni Health Services, Inc. | Case No. 25-14727 (AMC) |
| Debtor. | |

**CERTIFICATE OF SERVICE**

I, Nicholas M. Engel, Esquire, do hereby certify that on this day I caused a true and correct copy of the Debtors' Second Motion Pursuant to Bankruptcy Code Section 365(a) for Entry of an Order Authorizing the Rejection of Non-Residential Real Estate Leases (the "Motion"), as well as the Notice of Motion, to be served electronically through the Court's ECF system upon all parties registered to receive electronic filings in this case, and via first-class mail upon the parties listed below.

Date: December 12, 2025

/s/ *Nicholas M. Engel*
Nicholas M. Engel, Esquire

## SERVICE LIST
(CM/ECF – as of 12.12.25)

- **NICHOLAS M. ENGEL**   nengel@skhlaw.com
- **JEFFREY C. MCCULLOUGH**   jeffmccullough@bondmccullough.com, lchung@bondmccullough.com
- **REBECCA K. MCDOWELL**   rmcdowell@slgcollect.com, pwirth@slgcollect.com;anovoa@slgcollect.com
- **JOHN HENRY SCHANNE**   John.Schanne@usdoj.gov
- **WILLIAM D. SCHROEDER**   Schroeder@jrlaw.org, Healey@jrlaw.org;Ann@jrlaw.org
- **DAVID B. SMITH**   dsmith@skhlaw.com, b.dr70286@notify.bestcase.com
- **United States Trustee**   USTPRegion03.PH.ECF@usdoj.gov

## SERVICE LIST
(first-class mail)

JOHN HENRY SCHANNE
Office of The United States Trustee
Robert N.C. Nix Federal Building
900 Market Street, Suite 320
Philadelphia, PA 19107

DS Colmar, LLC
585 Boulevard
Elmwood Park, NJ 07407

George and Kathryn J. Nassoor
430 Memorial Parkway
Phillipsburg, NJ 08865

Lippi Properties / Ettore Lippe
400 Third Avenue
Suite 300
Kingston, PA 18704

Sacco Rentals, LLC
1730 East Broad Street
Hazleton, PA 18201

Spread Eagle Development Corp.
200 Plaza Court, Suite A
East Stroudsburg, PA 18301