**UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | : |
| | : |
| Omni Health Services, Inc., | : Chapter 11 |
| | : |
| Debtor. | : Bankruptcy No. 25-14727 (AMC) |
| | : |

**NOTICE OF MOTION , RESPONSE DEADLINE AND HEARING DATE**

CPI/AHP Havertown MOB Owner L.L.C. has filed a *Motion for Allowance of Administrative Expenses*.

1. **<u>Your rights may be affected.</u> You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult an attorney.)**

2. If you do not want the court to grant the relief sought in the motion or if you want the court to consider your views on the motion, then on or before **May 12, 2026**, you or your attorney must file a response to the Motion. (see Instructions on next page).

3. A hearing on the Motion is scheduled to be held before the Honorable Ashely M. Chan on May 27, 2026, at 12:30 P.M. in Courtroom #4, United States Bankruptcy Court, Robert N.C. Nix Sr. Federal Courthouse, 900 Market Street, Philadelphia, PA 19107.  Unless the court orders otherwise, **<u>the hearing on this contested matter will be an evidentiary hearing.</u>**

4. If you do not file a response to the Motion, the court may cancel the hearing and enter an order granting the relief requested in the Motion.

5. You may contact the Bankruptcy Clerk's office for Philadelphia cases at (215) 408-2800 and for Reading cases at 610-208-5040 to find out whether the hearing has been canceled because no one filed a response.

6. If a copy of the motion is not enclosed, a copy of the Motion will be provided to you if you request a copy from the attorney whose name and address is listed on the next page of this Notice.

## FILING INSTRUCTIONS

7. **If you are required to file documents electronically by Local  Bankruptcy Rule 5005-1**, you must file your response electronically.

8. If you are not required to file electronically, you must file your response at

   United States Bankruptcy Court
   Eastern District of Pennsylvania
   Robert N.C. Nix Sr. Federal Building
   900 Market Street, Suite 400
   Philadelphia, PA 19107

9. If you mail your response to the bankruptcy clerk's office for filing, you must mail it early enough so that it will be received on or before the date stated in Paragraph 2 on the previous page of this Notice.

10. On the same day that you file or mail your Response to the Motion, you must mail or deliver a copy of the Response to the movant's attorney:

   SAUL EWING LLP
   Turner N. Falk, Esq.
   1735 Market Street, 34th Floor
   Philadelphia PA 19103
   (215) 972-8415
   turner.falk@saul.com

Dated:  April 28, 2026                    By: */s/ Turner N. Falk*

                                         SAUL EWING LLP
                                         Turner N. Falk, Esq.
                                         1735 Market Street, 34th Floor
                                         Philadelphia PA 19103
                                         (215) 972-8415
                                         turner.falk@saul.com
                                         *Counsel for CPI/AHP Havertown MOB Owner L.L.C.*

**UNITED STATES BANKRUPTCY COURT FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| Omni Health Services, Inc., | : | Chapter 11 |
| | : | |
| Debtor. | : | Bankruptcy No. 25-14727 (AMC) |
| | : | |

**MOTION FOR ENTRY OF AN ORDER GRANTING AN ALLOWED**
**ADMINISTRATIVE EXPENSE FOR POST-PETITION LEASE OBLIGATIONS**

CPI/AHP Havertown MOB Owner L.L.C. (the "Landlord") hereby moves (the "Motion")

for entry of an order granting the Landlord an allowed administrative expense for post-petition

lease obligations.  In support of the Motion, the Landlord states as follows:

**PRELIMINARY STATEMENT[1]**

1.      The Debtors owe unpaid stub rent in the amount of $1,894.06.

2.      The Debtors owe postpetition Lease obligations in the amount of $6,882.95.

3.      The Landlord is entitled to an administrative expense in the amount of $8,777.01

for unpaid lease obligations that benefitted the estate.

**JURISDICTION**

4.      This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334.  This

matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2).

5.      Venue of this proceeding and this Motion in this District is proper under 28 U.S.C.

§§ 1408 and 1409.

6.      The statutory bases for the relief requested herein are sections 105, 363, 365, 503,

and 507 of the Bankruptcy Code, and Bankruptcy Rule 9014

---

[1]      Any capitalized term not otherwise defined herein shall have the same meaning as that ascribed to it elsewhere in the Motion.

57717143.1

7.     The Landlord consents to the entry of a final order or judgment by the court if it is determined that the court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

## BACKGROUND

8.     On November 20, 2025 (the "Petition Date"), the above-captioned Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court.

9.     As of the Petition Date, the Landlord and Debtor were parties to a lease effective January 14, 2022 (as amended, the "Lease"), pursuant to which the Debtor leased certain nonresidential real property located at 2050 West Chester Pike, Havertown PA (the "Premises").

10.     Under the Lease, rent and related additional rental obligations are due on the first day of each calendar month.  These amounts include electric and gas utilities.

11.     The Landlord received one or more postpetition payments from the Debtors, but the payments did not cover the full amount owed.

12.     As shown on the payment ledger attached as **Exhibit A**, the Landlord is owed $5,682.18 attributable to November 2025 Lease charges.  The Debtors have not paid the 33.33%[2] of these November 2025 charges attributable to postpetition use.  The Landlord remains entitled to a stub rent claim in the amount of $1,894.06 (the "Stub Rent Claim").

13.     As further shown on Exhibit A, charges in the amount of $6,882.95 remain due and owing for postpetition, pre-rejection months under the Lease.

14.     The Stub Rent and unpaid postpetition Lease obligations (the "Total Lease Obligations") in the amount of $8,777.01 remain outstanding.

---

[2]     Computed by taking the 10 postpetition days of November 2025, divided by 30 days in the entire month.

2

57717143.1

15.     The Debtors rejected the Lease effective March 31, 2026.

## RELIEF REQUESTED

16.     Landlord seeks entry of an Order by this Court allowing the Total Lease Obligations as an administrative expenses pursuant to sections 365(d)(3), 503(b)(1).

## BASIS FOR RELIEF REQUESTED

### A. The Total Lease Obligations are Allowed Administrative Expenses

17.     Bankruptcy Code section 365(d)(3) provides, in pertinent part, as follows:

> The trustee shall timely perform all of the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title.

11 U.S.C. § 365(d)(3).  The plain language of section 365(d)(3) and applicable case law require Debtors' immediate payment of the post-petition, pre-rejection obligations under the Lease.  "The clear and express intent of § 365(d)(3) is to require the trustee to perform the lease in accordance with its terms." *CenterPoint Properties v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.)*, 268 F.3d 205, 209 (3rd Cir. 2001).  Section 365(d)(3) of the Bankruptcy Code "impos[es] a special duty with respect to unexpired leases of nonresidential real property" on the debtor-in-possession.  *See In re Goody's Family Clothing Inc.*, 610 F.3d 812, 816 (3rd Cir. 2010).

18.     Congress specifically chose to protect real property lessors because "the landlord is forced to provide current services – the use of its property, utilities, security, and other services – without current payment.  No other creditor is put in this position." *Id.* at 818; *see also In re DeCicco of Montvale, Inc.*, 239 B.R. 475, 479 (Bankr. D.N.J. 1999) ("§365(d)(3) [is intended] to protect landlords from becoming involuntary post-petition creditors, and ensure that landlords receive 'current payment' for 'current services.'").  The purpose and intent of section 365(d)(3) is

3

57717143.1

that "a landlord can remain confident that obligations arising post-petition will be timely paid while the debtor is deciding whether to assume or reject the lease." *In re Pac-West Telecomm, Inc.*, 377 B.R. 119, 125 (Bankr. D. Del. 2007) (citing *In re Valley Media, Inc.*, 290 B.R. 73, 75 (Bankr. D. Del. 2003)).

19. In the Third Circuit, a debtor must timely perform its post-petition obligations under section 365(d)(3) of the Code "when the legally enforceable duty to perform arises under [the] lease." *In re Montgomery Ward Holding Corp.*, 268 F.3d at 211.

20. Certain obligations for the postpetition period of December 2025 through March 2026 are past due.

21. In the Third Circuit, the Stub Rent Claim is entitled to administrative expense status under section 503(b)(1) of the Bankruptcy Code. *See In re Goody's Fam. Clothing Inc.*, 610 F.3d at 818 ("[w]hen a debtor occupies post-petition non-residential space it leases, that § 365(d)(3) provides when the rent obligation arises does not erase when lessors may make § 503(b)(1) claims for the value conferred post-petition by that occupancy"). The Landlord provided value through the Debtors' occupancy of the Premises during November 2025 and is thus entitled to the payment of the Stub Rent Claim.

4

57717143.1

## CONCLUSION

22.     The Landlord respectfully requests the entry of an order, substantially in the form of the Proposed Order attached hereto (i) allowing the Total Lease Obligations as an administrative expense in the amount of $8,777.01  and granting any other relief this Court deems just and proper.

Dated:  April 28, 2026                              By: */s/ Turner N. Falk*_____
                                                                **SAUL EWING LLP**
                                                                Turner N. Falk, Esq.
                                                                1735 Market Street, 34th Floor
                                                                Philadelphia PA 19103
                                                                (215) 972-8415
                                                                turner.falk@saul.com
                                                                *Counsel for CPI/AHP Havertown MOB Owner L.L.C.*

57717143.1

**UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | : |
| | : |
| Omni Health Services, Inc., | : Chapter 11 |
| | : |
| Debtor. | : Bankruptcy No. 25-14727 (AMC) |
| | : |

**ORDER GRANTING MOTION FOR ENTRY OF AN ORDER GRANTING AN
ALLOWED ADMINISTRATIVE EXPENSE FOR
POST-PETITION LEASE OBLIGATIONS**

AND NOW this _____ day of _____, 2026, upon consideration

of the *Motion for Entry of an Order Granting an Allowed Administrative Expense for Post-Petition

Lease Obligations* (the "Motion")[1] filed by CPI/AHP Havertown MOB Owner L.L.C. (the

"Landlord"); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334; and this Court having found that it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2);

and this Court having found that venue is proper under 28 U.S.C. §§ 1408 and 1409; and it

appearing to the Court that all of the requirements of sections 365(d)(3), 503(b) of the Bankruptcy

Code as well as the Federal Rules of Bankruptcy Procedure are met and the Local Rules of the

United States Bankruptcy Court for the Eastern District of Pennsylvania have been satisfied; and

it further appearing that the relief sought herein is reasonable and necessary; and that the notices

of the Motion were appropriate; and after due deliberation and sufficient and good cause appearing

therefore;

**IT IS HEREBY ORDERED THAT:**

1.  The Motion is GRANTED to the extent set forth herein.

---

[1]  Any capitalized term not otherwise defined herein shall have the same meaning as that ascribed to it in the Motion.

57717143.1

2.      The Landlord is ALLOWED an administrative expense for the Total Lease Obligations in the amount of $8,777.01.

3.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.


BY THE COURT:


Dated: _____          _____
                                          Honorable Ashely M. Chan
                                          Chief United States Bankruptcy Judge

2

# EXHIBIT A

# Ledger

57717143.1

**UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| Omni Health Services, Inc., | : | Chapter 11 |
| | : | |
| Debtor. | : | Bankruptcy No. 25-14727 (AMC) |
| | : | |

**CERTIFICATION OF SERVICE**

I, Turner N. Falk:, certify that on April 28, 2026, I did cause a true and correct copy of the documents described below to be served on all parties registered with the Clerk to receive electronic notice via the CM/ECF system:

- Notice Of Motion for Entry of an Order Granting an Allowed Administrative Expense for Post-Petition Lease Obligations

- Motion for Entry of an Order Granting an Allowed Administrative Expense for Post-Petition Lease Obligations and Exhibit A thereto

- Proposed Order Granting Motion for Entry of an Order Granting an Allowed Administrative Expense for Post-Petition Lease Obligations

Dated:  April 28, 2026         By: */s/ Turner N. Falk*
                              **SAUL EWING LLP**
                              Turner N. Falk, Esq.
                              1735 Market Street, 34th Floor
                              Centre Square West
                              Philadelphia PA 19103
                              (215) 972-8415
                              turner.falk@saul.com
                              *Counsel for CPI/AHP Havertown MOB Owner L.L.C.*

57717143.1