**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| | : | |
| Omni Health Services, Inc. | : | Case No. 25-14727 (AMC) |
| | : | |
| Debtor | : | |
| | : | |

**FINAL ORDER (I) AUTHORIZING USE OF CASH COLLATERAL,**
**(II) GRANTING ADEQUATE PROTECTION, (III) SCHEDULING**
**A FURTHER HEARING, AND (IV) GRANTING RELATED RELIEF**

AND NOW, upon consideration of the motion of Omni Health Services, Inc. (the "Debtor") for entry of interim and final orders (i) authorizing the Debtor to use Cash Collateral; (ii) granting adequate protection; (iii) scheduling a further hearing; and (iv) granting related relief (the "Motion")[1]; and after finding sufficient cause appearing to grant the Motion on an initial interim basis and thereafter this Court entering a total of five orders granting the Motion on an interim basis and the Fifth such Order, among other things, affording parties in interest an opportunity to object to the entry of a Final Order on this Motion within fourteen days of the service of said Fifth Interim Order; and no parties having filed an objection to the entry of a Final Order (as so certified by the Debtor), and it appearing that sufficient cause exists to grant the Motion on final basis and no other notice need be given, it is hereby ORDERED that

1.      The Motion is GRANTED, and this Order shall constitute a Final Order.

2.      The Debtor shall file a supplemental budget for the use of cash collateral prior to the expiration of the period set forth in any prior applicable budget.

3.      As adequate protection, the Secured Creditors are hereby granted replacement liens in the Debtor's post-petition property to the same extent, validity, and priority of their

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

prepetition liens, to the extent the imposition of the automatic stay or the Debtor's use of the

Cash Collateral results in the decrease of the value of the Secured Creditors' interest in such

property, without the necessity of filing any documents or otherwise complying with non-

bankruptcy law in order to perfect security interests and record liens, with such perfection being

binding upon all parties including, but not limited to, any subsequently appointed trustee either

under chapter 11 or any other chapter of the Bankruptcy Code.

4.      Specifically as to Berkshire and as additional adequate protection, the Debtor is

authorized to continue to make its regular debt service payments on account of the Direct

Berkshire Loans.

5.      This Court shall retain jurisdiction over any and all matters arising from or related

to this Final Order.

BY THE COURT:

Date: ___July 23, 2026_____        _____
                                          The Honorable Ashely M. Chan
                                          Chief United States Bankruptcy Judge

2