**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| Omni Health Services, Inc. | : | Case No. 25-14727 (AMC) |
| Debtor | : | |

**DEBTOR'S MOTION PURSUANT TO 11 U.S.C. § 363(b) TO**
**ENTER INTO A COMMERCIAL LEASE**

Omni Health Services, Inc. ("Debtor"), by and through its undersigned counsel, hereby submits this Motion for authorization to enter into a commercial lease (the "Motion"), and in support thereof, the Debtor respectfully avers as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicate for the relief requested herein is 11 U.S.C. § 363 and Bankruptcy Rule 6004.

## BACKGROUND

3. The Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") on November 20, 2025 (the "Petition Date").

4. Since the Petition Date, the Debtor has continued in possession of its property and operating its business as a debtor-in-possession and continues in possession of its property and

operating its business as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

5. The Debtor provides outpatient mental health services for children and adults in clinic-based settings, mental health services for children in homes and schools, and peer support services, which involve mental health clients who are in stable treatment for many years and who help other members.

6. The Debtor currently operates from eight separate leased locations, seven of which are in Pennsylvania and one of which is in New Jersey.

7. One of the Debtor's Pennsylvania leased locations (the "Existing Lease") is located at 200 Apple Street, Suite 1, Quakertown, Pennsylvania, 18951 (the "Existing Leased Premises"), which the Debtor uses for providing mental health services children and adults.

8. The Existing Leased Premises consists of 2,150 square feet of office space.

9. The Existing Lease provides for a rental payment of $4,458.97 per month for the period commencing on April 1, 2023, through December 1, 2024. The rent thereafter increased based upon the Consumer Price Index ("CPI"), such that the rental obligation for the period commencing on January 1, 2025, through December 31, 2025, was the prior rental amount plus the CPI adjustment, and the rental obligation for the period commencing on January 1, 2026, through December 31, 2026, is the prior rental amount plus the CPI adjustment.

10. The Existing Lease expires on December 31, 2026 and does not contain an option to renew.

11. After significant diligence to secure replacement space and given the impending deadline to vacate and surrender its Existing Leased Premises, the Debtor has secured a lease as set forth below.

12. By this Motion, pursuant to Bankruptcy Code 363(b) and Bankruptcy Rule 6004, the Debtor seeks Court authorization to enter into a lease with Atrium Properties, LLC (the "New Landlord") as more fully set forth in the lease agreement attached hereto and incorporated herein by reference as Exhibit A (the "Lease Agreement").

13. In general, the Lease Agreement contemplates allowing the Debtor to use 2,250 +/- rentable square feet at a location in Quakertown, Pennsylvania over a five-year term commencing on November 20, 2026.

14. The Lease Agreement provides for an initial five-year term, with base rent of $2,400.00 per month during the first year, $2,450.00 per month during the second year, $2,500.00 per month during the third year, $2,550.00 per month during the fourth year, and $3,000.00 per month during the fifth year.

15. The Debtor's decision to assume the Lease Agreement is made in its sound business judgment for the following reasons: (a) the Lease Agreement will result in a substantial reduction in the Debtor's monthly rental obligation; (b) the Lease Agreement allows the Debtor to occupy space larger than the Existing Leased Premises; (c) the Debtor believes that the economic terms of the Lease Agreement is reflective of, and consistent with, market rates for the type and location of the facility leased by the Debtor; (d) continuity of the Debtor's operation is critical to its reorganizational efforts; and (e) the Debtor has the ability to perform under the Lease Agreement through its permitted use of cash collateral.

16. Further, the Debtor's decision to enter into the Lease Agreement best serves the Debtor's estate and creditors' interests.

17. In order to ensure an orderly transition and to avoid disruption to the Debtor's business operations, the Debtor respectfully submits the instant Motion sufficiently in advance of

the commencement of the Lease Agreement on November 20, 2026 and the expiration of the Existing Lease on December 31, 2026.

## RELIEF REQUESTED

### 1. Authority to Enter Into New Lease

18. Pursuant to section 363(b)(1) of the Bankruptcy Code, the Debtor, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Furthermore, Section 105(a) of the Bankruptcy Code authorizes bankruptcy courts to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

19. A debtor's proposed use of estate property pursuant to § 363(b) should be approved if the use represents the exercise of reasonable business judgment on the part of the debtor. See, e.g., In re ASARCO, L.L.C., 650 F.3d 593, 601 (5th Cir. 2011); In re Stearns Holdings, LLC, 607 B.R. 781, 792 (Bankr. S.D.N.Y. 2019) (citation omitted) ("Pursuant to section 363(b), a debtor may use property of the estate outside the ordinary course of business if there is a sound business reason to do so.").

20. The business judgment standard under § 363(b) is "flexible and encourages discretion." In re ASARCO, L.L.C., 650 F.3d at 601. The sufficiency of the debtor's proffered business justification depends on the totality of the circumstances in the case. Id.; In re Lionel Corp., 722 F.2d 1063, 1071 (2d Cir. 1983).

21. A debtor's showing of reasonable business justification need not be unduly exhaustive; rather, a debtor is "simply required to justify the proposed disposition with sound business reasons." In re Baldwin United Corp., 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984).

22. Here, the leasing accommodations under the Lease Agreement is the best alternative available to the Debtor, and the Debtor's proposed transition to a new leasehold is not only an exercise of reasonable business judgment, but it is also required in light of upcoming termination of the Existing Lease on December 31, 2026.

23. Accordingly, the Debtor has ample business justification for its proposed transition pursuant to the Lease Agreement, and this Court should authorize the Debtor to enter into and consummate the same.

2. **<u>Relief Under Bankruptcy Rule 6004(h) Is Appropriate</u>**

24. Bankruptcy Rule 6004(h) provides that an order authorizing the use, sale, or lease of property . . . is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h).

25. The Debtor respectfully requests that any order approving the within Motion be effective immediately by providing that the 14-day stay under Bankruptcy Rule 6004(h) be waived.

26. The purpose of Bankruptcy Rules 6004(h) is to provide sufficient time for an objecting party to appeal before an order can be implemented. <u>See</u> Advisory Committee Notes to Fed. R. Bankr. P. 6004(h).

27. Although Bankruptcy Rule 6004(h) and the Advisory Committee Notes are silent as to when a court should "order otherwise" and eliminate or reduce the 14-day stay period, Collier suggests that the 14-day stay period should be eliminated to allow a sale or other transaction to close immediately "where there has been no objection to the procedure." 10 Lawrence P. King, Collier on Bankruptcy, 6004.10 (16th Ed. 2011). Collier further provides that if an objection is filed and overruled, and the objecting party informs the court of its intent to

appeal, the stay may be reduced to the amount of time actually necessary to seek a stay, unless the court determines that the need to proceed sooner outweighs the interests of the objecting party. Id.

28. The Debtor does not anticipate any objections filed to this Motion and submits that the relief being sought herein should be implemented immediately upon the granting of the Motion.

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form submitted and granting such other and further relief as is just and proper.

SMITH KANE HOLMAN, LLC

Dated: September 17, 2026

By: */s/ David B. Smith*
David B. Smith, Esquire
112 Moores Road, Suite 300
Malvern, PA 19355
(610) 407-7215 Phone
(610) 407-7218 Fax
*Counsel to the Debtor*