**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | : | **CHAPTER 11** |
| | : | |
| **OMNI HEALTH SERVICES, INC** | : | **CASE NO. 25-14727(AMC)** |
| | : | |
| **Debtor** | : | |
| | : | |

**DEBTOR'S MOTION PURSUANT TO 11 U.S.C. § 506(a)**
**TO DETERMINE THE CLAIM OF EACH OF U.S. SMALL BUSINESS ADMINISTRATION, GRAYBAR FINANCIAL SERVICES, IOU CENTRAL, INC., LIKETY CAPITAL, LLC AND GLOBAL MERCHANT CASH, INC.**
**IS WHOLLY UNSECURED**

Omni Health Services, Inc. (the "Debtor"), by and through its undersigned counsel, Smith Kane Holman, LLC, hereby moves this Court for the entry of an order determining that the claim of each of U.S Small Business Administration, Graybar Financial Services, IOU Central, Inc., Likety Capital, LLC and Global Merchant Cash, Inc. (collectively, the "Contested Secured Creditors") is wholly unsecured pursuant to 11 U.S.C. § 506(a) (the "Motion"), and in support thereof, the Debtor respectfully avers as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and rule-based predicates for the relief requested herein are section 506(a) of the Bankruptcy Code and Bankruptcy Rule 3012.

## BACKGROUND

### A. Chapter 11 Case General Background.

4. On November 20, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for

relief pursuant to Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

5. The Debtor is a community-based mental health services provider, which, as of the Petition Date, operated at eighteen locations in Pennsylvania and New Jersey. Generally, the Debtor provides outpatient mental health services for children and adults in clinic-based settings, as well as mental health services for children in homes and schools (known as Integrated Behavioral Health Services) and peer support services, which involve mental health clients who are in stable treatment for many years and who help other members.

6. In its chapter 11 bankruptcy case, the Debtor has been able to advance a reorganization strategy by reducing its operating locations from eighteen to eight and implementing a series of other operational changes to increase its profitability. It did so with the expectation of using that increased profitability to fund a plan of reorganization and otherwise successfully reorganize.

**B. The Debtor's Scheduled Secured Creditors**

7. As of the Petition Date, the Debtor scheduled in its Bankruptcy Schedule D the following creditors as secured by virtue of the existence of prepetition liens:

| Creditor | Amount Owing[1] | Date of Lien Perfection | Asserted Collateral |
|---|---|---|---|
| Berkshire Bank[2] – (original principal - $635,000.00) | $192,180 | June 25, 2019 | All accounts, inventory, equipment, furniture, tangible property, general intangibles, chattel paper, instruments, deposit accounts and other property |
| Berkshire Bank – (original principal – $350,000.00) | $151,379 | June 25, 2019 | All accounts, inventory, equipment, furniture, tangible property, general intangibles, chattel paper, instruments, deposit accounts and other property |

[1] The "Amount Owing" is derived from a review of the Debtor's Schedules and any proof of claim filed by the applicable creditors. It is not intended to be an acknowledgement of the allowability of each claim and, indeed, the Debtor reserves and preserves its right to object to any of the claims set forth in paragraph 7.

[2] Berkshire Bank is now known as Beacon Bank & Trust.

| | | | |
|---|---|---|---|
| Berkshire Bank (original principal $150,000.00) | $152,098 | June 25, 2019 | All accounts, inventory, equipment, furniture, tangible property, general intangibles, chattel paper, instruments, deposit accounts and other property |
| Berkshire Bank<br><br>(original principal – $730,000.00) | $709,933 | June 25, 2019 | All accounts, inventory, equipment, furniture, tangible property, general intangibles, chattel paper, instruments, deposit accounts and other property |
| Berkshire Bank – (original principal $1,894,000.00) | $1,975,523 | June 25, 2019 | All accounts, inventory, equipment, furniture, tangible property, general intangibles, chattel paper, instruments, deposit accounts and other property |
| U.S. Small Business Administration | $2,000,000 | May 5, 2021 | All assets |
| Graybar Financial Services | $86,458 | May 11, 2023 | All assets |
| Global Merchant Cash Inc. | $247,899.00 | May 8, 2025 | All assets |
| IOU Central, Inc. | $320,472 | July 16, 2025 | All assets |
| Likety Capital LLC | $130,252.92 | No UCC-1 filing | None |

8. By Order of the Bankruptcy Court, the "Bar Date" to file Proofs of Claim (other than those of governmental units) was February 23, 2026. With the exception of Graybar Financial Services, all of the above creditors filed a proof of claim.

**C. The Value of the Debtor's Assets Securing Claims**

9. As of the Petition Date, the aggregate owing to Berkshire Bank (now Beacon Bank & Trust) ("Beacon") was $3,181,113 (the "Beacon Indebtedness"), and, as noted above, Beacon has a perfected security interest in the Debtor's assets superior to all other secured creditors.

10. Also as of the Petition Date, the scheduled value of the Debtor's assets was

$3,059,004 (the "Aggregate Asset Value").[3] Accordingly, the Aggregate Asset Value is less than the Beacon Indebtedness. With the exception of the Debtor's cash and accounts receivable (which fluctuate, but generally are at an overall level consistent with their respective amounts as of the Petition Date), the overall Aggregate Asset Value has remained below the Beacon Indebtedness as it existed as of the Petition Date.

11. The lien of each Contested Secured Creditor[4] is junior and subordinate to Berkshire's liens. Accordingly, the Aggregate Asset Value is fully exhausted by Berkshire's senior secured claims and, thus, there is no residual collateral value to support the asserted junior secured claims of the Contested Secured Creditors.

12. The Debtor therefore submits that the secured portions of the respective claims of the Contested Secured Creditors should be determined to be $0 pursuant to Bankruptcy Code Section 506(a).

## RELIEF REQUESTED

13. By this Motion, the Debtor requests that the Court determine in advance of the Debtor's upcoming efforts to confirm a proposed plan of reorganization that the Beacon Indebtedness is fully secured by the Aggregate Asset Value and that all of the Contested Secured Creditors are wholly unsecured.

## BASIS FOR RELIEF

14. Bankruptcy Rule 3012(a) and (b) provide that upon the filing of a motion by a

[3] Of note, the value of certain assets for purposes of the Debtor's Bankruptcy Schedule A/B was derived from book value, which the Debtor believes is in excess of its actual value; accordingly, the actual value of certain assets would require a downward adjustment to account for the actual value thereof. Because the aggregate value with book value is less than the Beacon Indebtedness, the Debtor submits that any downward adjustment to values would not affect the relief sought herein.

[4] As noted above, Likety Capital did not file a UCC-1 financing statement and, accordingly, the Debtor believes that it is unsecured because of its failure to perfect its lien. Nevertheless, because that determination has not yet been made in this case, the Debtor has included Likety Capital as part of the group of Contested Secured Creditors. In the end, the Debtor believes that all of the Contested Secured Creditors will be wholly unsecured; accordingly, the inclusion of Likety Capital in the group of Contested Secured Creditors has no impact on the relief sought by the Debtor in this Motion.

party in interest, this Court, after notice and a hearing, can determine the amount of a secured claim under Bankruptcy Code Section 506(a).

15. As contemplated by Rule 3012, the Debtor moves to determine that the Contested Secured Creditors are wholly unsecured in order to determine that the Beacon Indebtedness is fully secured and each claim of the Contested Secured Creditors is wholly unsecured.

**WHEREFORE,** the Debtor respectfully requests that this Court enter an Order substantially in the form submitted and granting such other relief as is just and proper.

SMITH KANE HOLMAN, LLC

Dated: November 6, 2026

By: */s/ David B. Smith*

David B. Smith, Esquire
112 Moores Road, Suite 300
Malvern, PA, 19355
(610) 407-7215 Phone
(610) 407-7218 Fax
*Attorney for the Debtor*