**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | CHAPTER 11 |
| OMNI HEALTH SERVICES, INC. | Case No. 25-14727 (AMC) |
| Debtor. | |

**ORDER**

**AND NOW**, upon consideration of the Debtor's Motion Pursuant To 11 U.S.C. § 506(a) To Determine The Claim Of Each Of U.S. Small Business Administration, Graybar Financial Services, IOU Central, Inc., Likety Capital, LLC And Global Merchant Cash, Inc. Is Wholly Unsecured (the "**Motion**") (capitalized terms used, but not defined herein, shall have the meaning ascribed to them in the Motion) and good cause appearing therefor, it is hereby ORDERED that

1. The Motion is GRANTED.
2. The claims of Berkshire Bank (now known as Beacon Bank and Trust) are fully and entirely secured and such secured status fully exhausts the value of the applicable collateral as to all junior secured creditors, including the Contested Secured Creditors, and no residual value remains available to secure the junior claims of the Contested Secured Creditors.
3. The claim of the U.S. Small Business Administration, to the extent allowed, is wholly unsecured pursuant to 11 U.S.C. § 506(a).
4. The claim of Graybar Financial Services, to the extent allowed, is wholly unsecured pursuant to 11 U.S.C. § 506(a).
5. The claim of IOU Central, Inc., to the extent allowed, is wholly unsecured

pursuant to 11 U.S.C. § 506(a).

6. The claim of Likety Capital, LLC, to the extent allowed, is wholly unsecured pursuant to 11 U.S.C. § 506(a).

7. The claim of Global Merchant Cash, Inc., to the extent allowed, is wholly unsecured pursuant to 11 U.S.C. § 506(a).

8. Nothing in this Order determines the allowance or disallowance of any claim or adjudicates the validity, priority, or extent of any lien except to the extent necessary to determine the secured portion of the claims under 11 U.S.C. § 506(a).

Dated: ______________________

BY THE COURT:

________________________________
Honorable Ashely M. Chan,
Chief United States Bankruptcy Judge